IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ROY DEAN EDDY, #43931                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:14-cv-28-KS-MTP

DERRICK MINGO, ANTHONY COMPTON,
AND JOSEPH COOLEY                                                       DEFENDANTS

<u>**MEMORANDUM OPINION AND ORDER**</u>

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff Eddy, an

inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42

U.S.C. § 1983.  Plaintiff was granted permission to proceed *in forma pauperis* in this case.  The

Defendants are: Derrick Mingo, Warden at Marion-Walthall County Regional Correctional Facility;

Anthony Compton, Director of Private and Regional Prisons for MDOC; and Joseph Cooley, Legal

Claims Adjudicator for MDOC.  Plaintiff challenges a prison disciplinary action resulting in the loss of

privileges and earned time.[1]  After reviewing the Complaint, Attachment, and Responses, in conjunction

with the relevant legal authority, the Court has come to the following conclusions.

**I.      Background**

On April 30, 2013, Plaintiff was found guilty of a prison rule violation report (RVR #0976420)

for testing positive for the use of methamphetamine.  Plaintiff maintains that a prescription medication he

was taking at the time of the RVR causes false positives for methamphetamine. As punishment for the

disciplinary conviction, he lost visitation and telephone privileges for 90 days and he claims he lost 61

days of earned time.[2]  Plaintiff states that his attempts to appeal this disciplinary action were denied by

each Defendant.

---

[1]"[A]n inmate may receive an earned time allowance . . . for each thirty days served if the department
[MDOC] determines that the inmate has complied with the good conduct and performance requirements of the
earned time allowance program."  Miss. Code Ann § 47-5-138 (5).

[2]The copy of the RVR that Plaintiff filed states the punishment imposed was loss of visitation and
telephone privileges for 90 days, however, Plaintiff maintains throughout his pleadings that he also lost 61 days of
earned time as a result of the RVR.  *See* Attach. [ECF No. 7].

Plaintiff asserts various complaints regarding the disciplinary process, which he claims violates MDOC policy and his constitutional rights. Specifically, Plaintiff claims that Defendants Mingo, Compton and Cooley failed to confer with his desired witnesses which were medical staff at the prison who could confirm that he was taking a medication that could cause a false positive. He complains that each Defendant ignored the evidence establishing his innocence thereby failing to properly investigate his appeal. Plaintiff argues that each Defendant should have reversed the guilty finding. As relief, Plaintiff is requesting monetary damages and expungement of the disciplinary proceedings from his prison record which presumably would result in the restoration of his lost earned time.

## II.    Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B).  The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992).  Since the Court has permitted Plaintiff Eddy to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A.   Habeas Corpus Claims

 Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983. *See Cook  v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook*, 37 F.3d at 166 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

The restoration of 61 days of earned time or sentence credits to an inmate would result in the

inmate receiving an accelerated release from incarceration.  Therefore, Plaintiff must pursue any request for the restoration of his earned time through a petition for habeas corpus relief.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that habeas corpus is the exclusive remedy for a claim for restoration of good-time credits);  *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc) (finding inmate "cannot . . . recover good-time credits lost in a prison disciplinary proceeding" in a § 1983 civil action). To the extent Plaintiff is asserting habeas corpus claims for the restoration of 61 days of earned time, his claims will be dismissed from this § 1983 case, without prejudice.

### B.  Section 1983 Claims

A civil rights action under § 1983 is the appropriate or available remedy for a prisoner's damages claim.  In order to obtain relief under § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States."  *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted).  An inmate is not entitled to constitutional protections when his prison privileges are restricted as punishment for a disciplinary violation.  *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997)(finding restriction on prison privileges is merely a change in the conditions of an inmate's confinement);  *see also Sandin v. Conner,* 515 U.S. 472, 485 (1995)(noting that discipline by prison officials falls within the expected perimeters of the sentence imposed by a court of law).  The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available.  *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002)(holding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, along with 15 days of solitary confinement, resulting from allegedly false disciplinary charges does not implicate due process);  *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999)(finding loss of visitation session insufficient to implicate a liberty interest).  In sum, Plaintiff does not have a constitutionally protected right to any privileges associated with his

incarceration.  Therefore, loss of visitation and telephone privileges for 90 days does not entitle Plaintiff

to relief under § 1983.

Furthermore, in order to recover damages for unconstitutional imprisonment that would

necessarily imply the invalidity of an inmate's sentence, he must demonstrate that the conviction or

sentence has previously been invalidated.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  The *Heck*

doctrine applies to § 1983 claims by state prisoners challenging the validity of disciplinary actions and the

loss of good-time credits.  *See Edwards v. Balisok*, 520 U.S. at 648.  In *Wilkinson v. Dotson*, the Supreme

Court reviewed the cases leading up to and following *Heck* and it clarified that

> a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief
> sought (damages or equitable relief), no matter the target of the prisoner's suit (state
> conduct leading to conviction or internal prison proceedings) -- *if* success in that action
> would necessarily demonstrate the invalidity of confinement or its duration.

544 U.S. 74, 78-82 (2005).

Plaintiff maintains that his disciplinary process was invalid, and he seeks the expungement of his

disciplinary conviction along with monetary damages.  If the Court were to find in Plaintiff's favor and

determine that his prison disciplinary conviction was invalid and should be expunged, meaning his loss of

61 days of earned time was invalid, such a finding "would necessarily demonstrate the invalidity of

[Plaintiff's] confinement or its duration."  *Id.* at 82.  Therefore, Plaintiff may only proceed with these

claims under § 1983, if he proves that his conviction or sentence has been invalidated.  Specifically,

"plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

executive order, declared invalid by a state tribunal authorized to make such a determination, or called

into question by a federal court's issuance of a writ of habeas corpus."  *Heck*, 512 U.S. at 486-87.

Plaintiff confirmed that his disciplinary action has not been overturned or invalidated by any of

the means set forth in *Heck*.  *See* Order [9]; Resp. [10].  As such, the Court finds that Plaintiff's § 1983

claims for money damages and expungement of his disciplinary conviction is not cognizable at this time.

*See e.g., Evans v. Baker*, 442 F. App'x 108, 110 (5th Cir. 2011) (finding dismissal under *Heck* and

4

*Balisok* of inmate's § 1983 complaint seeking expungement of adverse disciplinary proceedings to be proper even after inmate withdrew his claim to have good-time credits restored).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (holding inmate does not have protected liberty interest in filing grievances). Thus, Plaintiff's claims related to how his grievances were handled by Defendants Mingo, Compton and Cooley are frivolous. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

As a final point, the Court notes that Plaintiff submitted a pleading [ECF No.11] entitled "Mississippi Department of Corrections Disciplinary System Policy Number 18-01," detailing MDOC policies relevant to inmate discipline and pointing out alleged violations of the policies in his disciplinary process by either the reporting employee, the hearing officer or the investigator. In conclusion, Plaintiff states, "It would seem with all the violations noted above" that "the staff did not receive enough training on said procedures" and that he "feels" any "lapse of training would be the responsibility of personnel above them in rank, i.e., Warden Derrick Mingo, Assistant Director of Regional and Private Prisons, Anthony Compton, et al." [ECF No. 11] at 8. Allegations that MDOC policy and procedure was violated by the complained of rule violation report and resulting disciplinary process, without more, simply does not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation."). Likewise, in the absence of a constitutional violation, Plaintiff cannot establish liability for a prison official's purported failure to

properly supervise or train their subordinates.  *See Brown v. Hill*, No. 09-2170, 2010 WL 5582936, *7 (W.D. La. Nov. 24, 2010) (discussing requirements for supervisory liability and finding lack of constitutional deprivation precludes inmate from establishing § 1983 liability for failure to train), *report adopted*, 2011 WL 126910 (W.D. La. Jan. 14, 2011).  Therefore, to the extent Plaintiff is attempting to hold Defendants Mingo and Compton liable for failing to properly train the officers involved in his disciplinary process, he is not entitled to relief under § 1983.

## III.    Conclusion

As discussed above, Plaintiff's habeas corpus claims will be dismissed from this § 1983 case without prejudice.[3]  Plaintiff's § 1983 claims are dismissed as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).  The dismissal of Plaintiff's § 1983 claims are with prejudice until the *Heck* conditions are met.  *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(finding claims are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

SO ORDERED AND ADJUDGED, this the 24th day of June, 2014.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

6